UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61153-CIV-DIMITROULEAS

LOUIS EDRICK LOISEAU and
ANTONINE MICHELLE CELESTIN
LOUISEAU, his wife,

    Plaintiff,

vs.

CASTLE #4 CONDOMINIUM, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant's Motion for Partial Summary Judgment. [DE-60]. The Court has carefully considered the Motion, Plaintiff's Response [DE-70], Defendant's Reply [DE-72], the exhibits filed in support and opposition to the instant Motion, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiffs brought this action against Defendant Castle #4 Condominium, Inc. ("Castle #4) alleging violations of the Fair Housing Act, 42 U.S.C. §§ 3604, *et seq.* ("the Act"). Plaintiffs were prospective purchasers of a condo, Unit 212, at Castle Gardens #4 Condominiums, and entered into a purchase and sale agreement for the unit for approximately $85,000 on February 27, 2005. Plaintiffs secured a home loan in that amount on April 29, 2005, at the annual percentage rate of 5.764%. Plaintiffs allege that due to their initial rejection by the Castle #4 Association, they were unable to close on this unit and their contract lapsed. Plaintiffs entered

into a second contract in December 2005 at the increased sale price of $115,000 for Unit 212 and closed on the unit in March 6, 2006, after securing a new home loan in the amount of $113,088.88 at the rate of 5.866%.

Plaintiffs seek damages for the Defendant's alleged violations of the Fair Housing Act, including the difference in the existing monthly mortgage payment compared to the original rate over the life of the loan, discounted to present value, and the anticipated increase in property taxes based on the increase in purchase price of the property, discounted to present value. On July 18, 2007, Defendant filed the instant motion for summary judgment on these damages, arguing that they are too speculative or conjectural to be recoverable under Florida law.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the

absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Rule 56(e), the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the nonmoving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

B.  Defendant's Motion

Defendant seeks partial summary judgment on Plaintiffs' claims in this action, arguing that Plaintiffs' damages claim includes claims for future damages which are speculative and therefore not recoverable under Florida law. Under Florida law, damages must be supported by evidence from which they can be determined with a reasonable degree of certainty, and damages which are

3

speculative or indefinite are not recoverable. See Colangelo v. Stone Flex, Inc. of Fla., 551 So.2d 565, 566 (Fla. 4th DCA 1989). Here, Defendants contends that Plaintiffs' claim for the increase in principal and interest payment over the life of the mortgage loan, as well as future increased tax liability over that same period, are too speculative because Plaintiffs might sell or refinance their property at an earlier time. Additionally, Defendants argue that the Fair Housing Act permits recovery of only "actual damages," and thus the cases cited by Plaintiffs awarding expectation damages for breach of contract claims are inapposite.

The Fair Housing Act was passed as Title VIII of the Civil Rights Act in 1968 to prohibit housing discrimination on the basis of, *inter alia*, race, gender and national origin. 42 U.S.C. §§ 3604, *et seq.* The language of the Act is "broad and inclusive" and must be given a "generous construction." Samaritan Inns, Inc. v. District of Columbia, 114 F.3d 1227, 1234 (D.C. Cir. 1997) (quoting Trafficante v. Metro. Life Ins. Co., 409 U.S. 205, 209, 212 (1972)). An action for damages under § 813 of the Act "sounds basically in tort-the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach.'" Id. (quoting Curtis v. Loether, 415 U.S. 189, 195 (1974)).

At least one court has held that an increase in interest rate required on a substitute mortgage loan is recoverable in a claim for damages for violation of the Fair Housing Act. Moore v. Townsend, 421 F. Supp. 378 (N.D. Ill. 1976). Moreover, the court in Moore considered the issue presented here – whether such damages are speculative where there is a possibility that the plaintiffs would not remain in the subject premises for the life of the loan – and concluded that such damages are not too speculative to be recoverable. Id. at 382 ("[T]he plaintiffs have committed themselves to a loan at the increased interest rate and if they elect to retain ownership

4

of the property to which we have held they are entitled, they will be obliged to pay that increased interest rate. It does not lie with [the defendant] to urge that that obligation is in reality a speculative one."). Additionally, Plaintiffs have presented the testimony of their damages expert, Ed Deppman, in support of their claim for the damages at issue here, which sets forth the factual basis for Plaintiff's recovery of increased interest and tax liability creating an issue of disputed fact which cannot be resolved on a motion for summary judgment.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Partial Summary Judgment [DE-60] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of August, 2007.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

All counsel of record